**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JILL A. OTT f/k/a JILL A. SODDERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *vs.* | § | |
| | § | |
| MIDLAND CREDIT MANAGEMENT, | § | |
| INC.; KRISTY GABRIELOVA SLEDGE; | § | |
| BRIAN EDWARD STALEY; | § | Civil Action No. 4:22-cv-01532 |
| KATHARINE BANKS ALLEN; | § | |
| MICHAEL JAMES YOUNG; CHASE | § | |
| PIERICK HAGUE; PETER S. | § | |
| NEWMAN; JUAN CARLOS GOENAGA | § | |
| AND JOHN AND JANE DOES 1-100., | § | |
| | § | |
| Defendants. | § | |

---

**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

---

Plaintiff, Jill A. Ott f/k/a Jill A. Sodders, files this First Amended Class Action Petition and Demand for Jury Trial, complaining of Defendants, Midland Credit Management, Inc. ("Midland"), Kristy Gabrielova Sledge, Brian Edward Staley, Katharine Banks Allen, Michael James Young, Chase Pierick Hague, Peter S. Newman, and Juan Carlos Goenaga (individually and collectively referred to as the "Attorney Defendants") and in support thereof, respectfully shows this honorable Court:

**I.
PARTIES.**

1.      At all relevant times, Plaintiff is, and has been, a citizen and resident of Harris County, Texas.

2.     At all relevant times, Midland is a for profit Kansas corporation and registered to transact business in Texas. Midland's principal business location is 350 Camino De la Reina, Suite 100, San Diego, California 92108. MCM has appeared in this cause through counsel.

3.     At all relevant times, Kristy Gabrielova Sledge was licensed as an attorney at law of the State of Texas, having been admitted on December 8, 2005, and holding Bar Number 24042929.

4.     At all relevant times, Kristy Gabrielova Sledge is, and has been, a citizen and resident of Harris County, Texas. This party has made an appearance through counsel.

5.     At all relevant times, Brian Edward Staley was licensed as an attorney at law of the State of Texas, having been admitted on November 1, 1996, and holding Bar Number 00797483.

6.     At all relevant times, Brian Edward Staley is, and has been, a citizen and resident of Harris County, Texas. This party has made an appearance through counsel.

7.     At all relevant times, Katharine Banks Allen was licensed as an attorney at law of the State of Texas, having been admitted on November 1, 2006, and holding Bar Number 24055139.

8.     At all relevant times, Katharine Banks Allen is, and has been, a citizen and resident of Harris County, Texas. This party has made an appearance through counsel.

9.     At all relevant times, Michael James Young was licensed as an attorney at law of the State of Texas, having been admitted on November 6, 2002, and holding Bar Number 24037759.

10.    At all relevant times, Michael James Young is, and has been, a citizen and resident of Harris County, Texas. This party has made an appearance through counsel.

11.    At all relevant times, Chase Pierick Hague was licensed as an attorney at law of the State of Texas, having been admitted on November 2, 2002, and holding Bar Card Number 24071573.

12.    At all relevant times, Chase Pierick Hague is, and has been, a citizen and resident of Harris County, Texas. This party has made an appearance through counsel.

13.    At all relevant times, Peter S. Newman was licensed as an attorney at law of the State of Texas, having been admitted on November 2, 2018, and holding Bar Card Number 24106928.

14.    At all relevant times, Peter S. Newman is, and has been, a citizen and resident of Harris County, Texas. This party has made an appearance through counsel.

15.    At all relevant times, Juan Carlos Goenaga was licensed as an attorney at law of the State of Texas, having been admitted on November 1, 1996, and holding Bar Card Number 00797868.

16.    At all relevant times, Juan Carlos Goenaga is, and has been, a citizen and resident of Harris County, Texas. This party has made an appearance through counsel.

17.    JOHN AND JANE DOES 1-100 are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of the DOE defendants once they are ascertained.

18.    On information and belief, JOHN AND JANE DOES 1-100 are natural persons and/or business entities all of whom reside or are located within the United

States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of the named Defendants who are the subject of this Complaint. The DOES personally control, and are engaged in, the illegal acts, policies, and practices utilized by the named Defendants and, therefore, are personally liable for all the wrongdoing alleged in this Complaint.

### III.
### JURISDICTION & VENUE.

19.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

20.    Supplemental jurisdiction for Plaintiffs' state law claims arises under 28 U.S.C. § 1367.

21.    Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

22.    Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred within this federal judicial district, and because the named Defendants regularly transact business within this federal judicial district and, therefore, reside in the State of Texas within the meaning of 28 U.S.C. § 1391(b) and (c).

### IV.
### INTRODUCTION.

23.    Plaintiff, demanding a trial by jury, brings this action against the Defendants who collectively conspired to use false, deceptive, and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from her and other similarly situated Texas consumers. Plaintiff alleges Defendants'

collection practices violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, Texas Debt Collection Act (TDCA), Tex. Fin. Code § 392, *et seq*., and Rosenthal Fair Debt Collection Practices Act (RFDCPA), Cal. Civ. Code § 1788, *et seq.*

24.    The FDCPA regulates the behavior of collection agencies who attempt to collect debts asserted to be owed or due another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and determined abusive debt collection practices contribute to personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

25.    The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. In reviewing an FDCPA complaint, courts "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard, assuming that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *McMurray v. ProCollect, Inc*., 687 F.3d 665 (5th Cir. 2012).

26.    To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these per se violations are: making false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A);

making false representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, 15 U.S.C. § 1692e(2)(B); using a false representation or implication that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. § 1692e(3); the false representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action, 15 U.S.C. § 1692e(4); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer, 15 U.S.C. § 1692e(7); the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); and the false representation or implication that documents are legal process, 15 U.S.C. § 1692e(13).

27.    To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8).

28.    The TDCA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices when collecting a consumer debt. Tex. Bus. & Com. Code § 17.50; *Cushman v. GC Services, L.P.*, 397 Fed. Appx. 24 (5th Cir. 2010) (discussing the "tie-in" provision between the TDCA and deceptive practices Acts).

29. This case involves an obligation, or an alleged obligation, primarily for personal, family, or household purposes, and arising from a transaction or alleged transaction and, thus, is a "consumer debt" as defined by Tex. Fin. Code § 392.001(2).

30. The RFDCPA regulates collection agencies and original creditors attempting to collect debts on their own behalf. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civ. Code § 1788.1. The California legislature further determined there is a need to ensure debt collectors exercise their responsibility with fairness, honesty, and due regard for a debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts and practices. *Id*.

31. The RFDCPA is a remedial statute that should be broadly interpreted to effectuate its purpose. *Komarova v. National Credit Acceptance, Inc*. (2009) 175 Cal.App.4th 324, 340. The RFDCPA requires debt collectors to comply with the FDCPA's provisions (Civ. Code, § 1788.17). The RFDCPA and FDCPA are both "strict liability" statutes. *Clark v. Capital Credit & Collection Servs*., 460 F.3d 1162 (9th Cir. 2006).

32. The RFDCPA also requires that, notwithstanding any of its other provisions, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

33. Plaintiff's claims involve money, property, or other equivalent, due or

owing or alleged to be due or owing from natural persons by reason of consumer credit transactions and, therefore, this action arises out of "consumer debts" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

34.    Plaintiff, individually and on behalf of others similarly situated, seeks damages, injunctive relief, attorney fees, costs, and all other equitable or legal relief this Court deems appropriate under the FDCPA, TDCA, RFDCPA, and other common law or statutory regimes.

## V.
### FACTS.

35.    Midland is a bulk purchaser of portfolios of defaulted consumer debt from banks and finance companies, as well as other debt buyers, for pennies on the dollar.

36.    After purchasing defaulted consumer debts from third parties, Midland undertakes to liquidate those debts by filing lawsuits to collect them.

37.    Midland has been the plaintiff in more than 10,000 lawsuits in Texas state courts prior to filing this lawsuit.

38.    Midland mass files its lawsuits in Texas state courts in the hope that most consumers will never appear and defend, thus allowing Midland to obtain a default judgment against the consumer which gives Midland more power to collect the entire amount of money owed from consumers.

39.    Midland is a business whose principal purpose is the collection of defaulted consumer debts.

40.    In attempting to collect debts, Midland uses instruments of interstate commerce, including the mails, telephone, and internet.

41.     Filing a lawsuit is a hard expense to Midland.

42.     To avoid incurring costs to collect a debt, Midland sends letters attempting to settle debts before filing suit.

43.     Midland has a series of no less than four letters its sends consumers.

44.     This course of letters begins at or around the time Midland acquires a debt and concludes with a series of "pre-litigation" letters.

45.     Midland mailed Plaintiff a letter dated September 30, 2020 ("9/30/20 Letter").

46.     A true copy of the 9/30/20 Letter is attached as *Exhibit A*, except the undersigned has redacted portions of it.

47.     *Exhibit A* was mailed on or after the Letter's date.

48.     *Exhibit A* concerned a financial obligation owed to Midland ("Debt"), arising from Plaintiff's alleged use of a credit card to make purchases for personal, family, and household purposes.

49.     The Debt was originally owed to Capital One Bank (USA), N.A.

50.     *Exhibit A* informed Plaintiff Midland was "considering forwarding [her] account to an attorney in [her] state for possible litigation" and demanded payment by September 18, 2020.

51.     Midland later sent Plaintiff a letter dated March 10, 2021, that identified eight (8) attorneys for Midland and listed their bar numbers indicating they were each actively reviewing Plaintiff's account and demanded payment of the Debt "IN FULL" by March 20, 2022 or they would file a lawsuit against her to obtain a judgment for entire amount of the Debt plus court costs (3/10/21 Letter).

52.     The eight attorneys whose names appear on the Letter are the Attorney Defendants identified as parties hereto.

53.     A true copy of the 3/10/21 Letter is attached as *Exhibit B*, except the undersigned has redacted portions of it.

54.     *Exhibit B* was mailed on or after the Letter's date.

55.     *Exhibit B* is signed by "Attorneys for Midland Credit Management, Inc." This represents the indvidual and combined signature of all the listed Attorney Defendants.

56.     *Exhibit B* was false, deceptive, and misleading because it implies the attorneys made a professional decision after reviewing the circumstances of Plaintiff's account and, based on their review drafted, signed, and sent the letter.

57.     *Exhibit B* was false, deceptive, and misleading because no attorney had ever reviewed Plaintiff's account or made any decision about it.

58.     On May 13, 2021, Midland filed suit against Plaintiff in Cause No. 1169333, County Court at Law No. 1, Harris County, Texas ("Collection Lawsuit").

59.     A true copy of the Collection Lawsuit is attached as *Exhibit D*.

60.     After filing its Collection Lawsuit, Midland sent Plaintiff a letter dated June 16, 2021, offering to settle the Debt ("6/16/21 Letter").

61.     A true copy of the 6/16/21 Letter is attached as *Exhibit D*, except the undersigned has redacted portions of it.

62.     *Exhibit D* was mailed on or after the Letter's date.

63.     At the time Plaintiff received *Exhibit D* Midland had made no effort to serve her with the Collection Lawsuit.

64.     *Exhibit D* references "further legal action" even though Midland had merely filed the Collection Lawsuit and taken no further action and Plaintiff was unaware of the lawsuit.

65.     No attorney approved Midland's sending of *Exhibit D*.

66.     Despite the active Collection Lawsuit, *Exhibit D* never informed Plaintiff Midland had filed a lawsuit or how the suit would impact negotiations.

67.     Plaintiff only learned of the Collection Lawsuit after receiving a solicitation from an attorney offering to defend her and then undertaking her own efforts to obtain a copy of the lawsuit.

68.     On July 16, 2021, Midland filed a Motion for Alternative Service in the Collection Lawsuit claiming it could not find her, but none of its prior collection to the same address had ever been returned to Midland as undeliverable.

69.     A true copy of the Motion for Alternative Service is attached as *Exhibit E*.

70.     On September 13, 2021, Plaintiff filed her Original Answer to the Collection Lawsuit and served it on Midland ("Collection Answer").

71.     A true copy of the Collection Answer is attached as *Exhibit F*.

72.     *Exhibit E* expressly informed Midland that Plaintiff was represented by an attorney with respect to the Debt Midland was attempting to collect.

73.     On September 14, 2021, the Court Entered an Order Setting Trial on November 29, 2021, and referring the matter to mediation prior to for trial.

74.     A true copy of the September 14, 2021 Order Setting Trial is attached as *Exhibit G*.

75.     On October 12, 2021, Plaintiff served her Initial Disclosures on Midland as

required by Texas Rule of Civil Procedure 192.4, but Midland never served any Initial Disclosures.

76.     On November 10, 2021, Midland filed a Motion for Default Judgment even though it knew, and had been served with, *Exhibit C* and the Court's Order, *Exhibit G*.

77.     A true copy of Midland's November 10, 2021, Motion for Default Judgment is attached as *Exhibit H*.

78.     No attorney drafted, reviewed, approved, or signed *Exhibit H*.

79.     *Exhibit H* falsely informed the court in the Collection Lawsuit that Plaintiff failed to file an Answer.

80.     On November 11, 2021, Court rejected *Exhibti H* because an Answer was filed and sent Midland Notice of same which Midland received.

81.     A true copy of the November 11, 2021 Order is attached as *Exhibit I*.

82.     On November 29, 2021, Midland filed a Second Motion for Default Judgment even though it knew, and had been served with, *Exhibit C* and the Court's Order, *Exhibit G*, and the Court's Notice, *Exhibit I*, rejecting its first Motion for Default Judgment (*Exhibit H*).

83.     A true copy of Midland's November 29, 2021, Motion for Default Judgment is attached as *Exhibit J*.

84.     No attorney drafted, reviewed, approved, or signed *Exhibit J*.

85.     *Exhibit J* again falsely informed the court in the Collection Lawsuit that Plaintiff failed to file an Answer.

86.     The Court subsequently entered another Order rejecting *Exhibti J* because an Answer was filed and sent Midland Notice of same which Midland received.

87.    On November 29, 2021, Plaintiff appeared for her scheduled trial but Midland failed to appear and so the Court dismissed the matter for Want of Prosecution.

88.    On November 30, 2021 the Court entered its Order of Dismissal, and served a copy on Midland.

89.    A true copy of the Court's November 30, 2021, Order of Dismissal is attached as *Exhibit K*.

90.    Despite Plaintiff being represented by counsel regarding the Debt, Midland has attempted to communicate with her directly by telephone on numerous occasions since September 13, 2021.

91.    *Exhibits A, B, C, D, E, H, and J,* are all computer generated form documents prepared by non-attorneys without any meaningful attorney involvement or oversight. Midland uses these documents as a deceptive collection ploy to strike fear in consumers so they will call Midland at which time Midland's non-lawyer collectors engage high pressure, deceptive, and unfair conduct to scare unsophisticated consumers into entering into unfavorable payment agreements.

92.    Plaintiffs have incurred actual damages in the form of unnecessary expense and time, and suffered emotional distress and upset, because of Defendants' sending *Exhibits A, B, C, D, E, H, and J*.

93.    Review of the Letters reveals attorneys included in Midland's masthead of signing attorney, but some of those attorney were not working for Midland at the time those letters were mailed to consumers, including Ott. Not only does this action result in a false or misleading signature, but it is also the type of error that would indicate

whether the document was subject to meaningful review. Similarly, Attorney

Defendants made similar errors when moving for default judgment against Ott and

representing to the court that Ott had not filed an Answer when she clearly had. Again,

a demonstration showing that Midland and the Attorney Defendants were not

meaningfully reviewing the types of documents like correspondence and court filing

that similarly situates Ott and the alleged class.

## VI.
### CLASS ALLEGATIONS.

94.     Plaintiff brings this action individually and as a class action on behalf of

all other persons similarly under Fed. R. Civ. P. 23.

95.     Subject to discovery and further investigation which may cause CABELLO to

modify the class definition to be more or less inclusive, she defines the "Collection Complaint

Class" to include:

> All natural persons with a Texas address to whom
> Midland sent a written communication in the form of
> *Exhibits A, B, C, D, E, H, or J* between March 10, 2020 and
> March 31, 2022, to collect a debt originally owed to Capital
> One Bank (USA), N.A.

Plaintiff also defines a "Collection Complaint Subclass" to include:

> Each person who is a Class member but whose
> communication, in the form of *Exhibits A, B, C, D, E, H, or
> J* was sent by Midland between March 10, 2021 and March
> 8, 2022.

96.     The Class and Subclass excludes each person who, prior to the date this

action is certified to proceed as a class action, either (a) died, (b) obtained a discharge in

bankruptcy, (c) commenced an action in any court against Defendants alleging a

violation of the FDCPA, TDCA, or RFDCPA based on a template document, or

(d) signed a general release of claims against Midland. The Class also excludes Ms. Ott's counsel, or an employee or family member of her counsel.

97.    Based on discovery and further investigation (including, but not limited to, disclosure of class size and net worth), Ms. Ott may, in addition to moving for class certification using modified definitions of the Class, Subclass, and Claims, seek certification only as to particular issues as permitted under Fed. R. Civ. P. 23.

98.    Each Class member's identity is readily ascertainable from the records of Midland and the entity on whose behalf it sought to collect Class members' debts.

99.    This action is brought, and may properly be maintained as, a class action under Fed. R. Civ. P. 23(a) because there is a well-defined community interest in the litigation in that:

38.01    ***Numerosity***. The Class and Subclass members are so numerous and geographically disbursed that joinder of all members is impractical. On information and belief, there are at least 40 Class and Subclass members.

38.02    ***Commonality***. Common questions of law and fact exist as to all Class and Subclass members, the principal issues are: whether Midland's collection letters, in the form of ***Exhibit A***, which facially violate the FDCPA, RFDCPA, and TDCA in the same manner.

38.03    Plaintiff's claims are typical of Class and Subclass members' claims because the claims arise from Midland's standardized collection letters, in the form of ***Exhibit A***, which facially violate the FDCPA, RFDCPA, and TDCA in the same manner.

*38.04 Adequacy.* Plaintiff will fairly and adequately protect Class members' interests because her interests are not averse to absent Class members and because she is committed to vigorously litigating this matter. Plaintiff retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

100.    This action may be maintained under Fed. R. Civ. P. 23(b)(3) because the questions of law and fact common to Subclass members predominate over any questions affecting any individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The individual joinder of all Subclass members is impracticable, class action treatment will permit a large number of similarly situated persons to efficiently prosecute their common claims in a single forum without unnecessary duplication of effort and expense that individual actions engender, important public interests are served by addressing the matter as a class action, substantial expenses to the litigants and judicial system will be realized, and difficulties are unlikely in the management of a class action.

101.    This action may also be maintained under Fed. R. Civ. P. 23(b)(3) because Midland has acted or refused to act on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief under the TDCA with respect to the Class as a whole.

## VII.
### COUNT ONE: FDCPA VIOLATION
### (AGAINST ALL DEFENDANTS)

102.    Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs.

103.    Plaintiff brings this claim individually, and on behalf of the putative

Subclass, against Midland and Attorney Defendants, individually and collectively..

104.    Midland and Attorney Defendants are individually and collectively a

"debt collector" as defined by 15 U.S.C. § 1692a(6).

105.    The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

106.    Ms. Ott is a "consumer" as defined by 15 U.S.C. 1692a(3).

107.    *A, B, C, D, E, H, and J,* is a "communication" as defined by 15 U.S.C. §

1692a(2).

108.    Midland's & Attorney Defendants' use and mailing of *Exhibit A, B, C, D,*

*E, H, and J,* to collect the Debt violated the FDCPA in one or more of the following

ways:

(a)    Using a false, deceptive, or misleading representation or means in

violation of 15 U.S.C. § 1692e;

(b)    Falsely representing the character, amount, or legal status of any debt

in violation of 15 U.S.C. § 1692e(2)(A);

(c)    Making false, deceptive, and misleading representations that

nonpayment of any debt will result in the seizure, garnishment,

attachment, or sale of any property or wages of any person when such

action is unlawful and the debt collector never intended to take such

action in violation of 15 U.S.C. § 1692e(4);

(d)    Making false, deceptive, and misleading in violation of 15 U.S.C. §

1692e(2)(A);

(e)    Making false, deceptive, and misleading threats to take any action

that cannot be legally taken and that is not intended to be taken in

violation of 15 U.S.C. § 1692e(5);

(f)     Using any false representative or deceptive means to collect or attempt

to any debt in violation of 15 U.S.C. § 1692e(10);

(g)     Using unfair or unconscionable means to collect or attempt to collect

any debt in violation of 15 U.S.C. § 1692f.

109.    Midland's & Attorney Defendants' illegal conduct invaded Plaintiff's

rights which are protected by the TDCA, the invasion of which caused an injury-in-fact.

110.    Attorney Defendants are additionally liable for making false statements to

the underlying court and making misrepresentations that were not only false but

designed to cause further economic injury to Plaintiff to the individual and collective

benefit of Defendants.

## VIII.
### COUNT TWO: TDCA VIOLATION.
### (AGAINST ALL DEFENDANTS)

111.    Plaintiff re-alleges and incorporates by reference the allegations contained

in the preceding paragraphs.

112.    Midland and Attorney Defendants are individually and collectively

engaged in the act and/or practice of "debt collection" as defined by Tex. Fin. Code §

392.001(5).

113.    Midland and Attorney Defendants are "debt collectors" as defined by Tex.

Fin. Code § 392.001(5).

114.    Midland and Attorney Defendants are a "third-party debt collector" as

defined by Tex. Fin. Code § 392.001(7).

115.    The Debt is a "consumer debt" as defined by Tex. Fin. Code § 392.001(2).

116.    Ott is a "consumer" within the meaning of Tex. Fin. Code § 392.001(1).

117.    Midland's and Attorney Defendants' use of *Exhibits A, B, C, D, E, H, and J,* violated the TDCA in one or more following ways:

    (a)    Tex. Fin. Code § 392.304(a)(8) by misrepresenting the character, extent, or amount of a consumer debt and whether a legal obligation exists for the consumer to pay it;

    (b)    Tex. Fin. Code § 392.301(a)(7) by threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings;

    (c)    Tex. Fin. Code § 392.301(a) (8) by threatening to take an action prohibited by law; and

    (d)    Tex. Fin. Code § 392.304(a)(19) by using false, deceptive, and misleading representations and/or deceptive means to attempt to collect a debt or to obtain information concerning a consumer.

118.    Midland's and Attorney Defendants' illegal conduct invaded Plaintiff's rights which are protected by the TDCA, the invasion of which caused injury-in-fact.

## IX.
### COUNT THREE: RFDCPA VIOLATION.
### (AGAINST MIDLAND ONLY)

119.    Midland is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

120.    The Note is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

121.    Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

122.    The Debt is a "debt" as defined by Cal. Civ. Code § 1788.2(d).

123.    The Debt arises from a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

124.    Midland's use of *Exhibits A, B, C, D, E, H, and J,* violated the RFDCPA in one or more following ways:

(a) Threatening any person that nonpayment of the consumer debt may result in the seizure, garnishment, attachment or sale of any property when such action is not permitted by law in violation of Cal. Civ. Code § 1788.10(e);

(b) Making false, deceptive, and misleading representations that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges when such fees and charges may not legally be added to the existing obligation in violation of Cal. Civ. Code § 1788.13(e);

(c) Communicating or threatening to communicate to any person that information concerning a debtor's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency in violation of Cal. Civ. Code § 1788.13(e); and

(d) Failing to comply with one or more provisions 15 U.S.C. §§ 1692-1692p which is a violation of Cal. Civ. Code § 1788.17.

## XI.
### PRAYER.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Jill A. Ott f/k/a Sodders, respectfully prays that Defendants, Midland Credit Management, Inc., Kristy

Gabrielova Sledge, Brian Edward Staley, Katharine Banks Allen, Michael James Young, Chase Pierick Hague, Peter S. Newman, and Juan Carlos Goenaga each be cited to appear and answer herein, and that upon a final hearing of the cause a judgment be entered jointly and severally against the Defendants, and in Plaintiff's favor, as follows:

A. **With respect to Count One**:

 (i) Certifying that this action as a class action under Fed. R. Civ. P. 23 including defining the Class, Subclass, and claims, and appointing Plaintiff to represent the Classes and her attorneys as Class counsel;

 (ii) Awarding Plaintiff and the Subclass statutory damages under 15 U.S.C. § 1692k(a)(2)(B);

 (iii) Awarding Plaintiff an incentive payment for her services to the Classes in an amount the Court determines after judgment is entered in favor of the Classes;

 (iv) Adjudging this action is successful under 15 U.S.C. § 1692k(a)(2)(B)(3) and awarding reasonable attorneys' fees including litigation expenses;

 (v) Awarding, to the extent the recovery of attorney's fees, litigation expenses, and costs under 15 U.S.C. § 1692k(a)(3) causes Plaintiff a negative tax consequence, a sum sufficient to ameliorate such consequences; and

 (vi) Ordering such other and further relief as may be just and proper.

B. **With respect to Count Two:**

 (i) Certifying that this action as a class action under Fed. R. Civ. P. 23 including defining the Class, Subclass, and claims, and appointing

Plaintiff to represent the Classes and her attorneys as Class counsel;

(ii)    Awarding injunctive relief under Fed. R. Civ. P. 23 Fin. Code § 392.403(a)(1) to restrain Midland's further violations of Chapter 392 of the Texas Finance Code;

(iii)   Awarding such actual damages as may be proven by Plaintiff pursuant to Fed. R. Civ. P. 23 Fin. Code § 392.403(a)(2);

(iv)    Awarding Plaintiff an incentive payment for her services to the Class in an amount the Court determines after judgment is entered in favor of the Class;

(v)     Adjudging Plaintiff to have successfully maintained an action under Fed. R. Civ. P. 23 Fin. Code § 392.403(a), and awarding reasonable attorney's fees and costs under Fed. R. Civ. P. 23 Fin. Code § 392.403(b);

(vi)    Awarding costs of suit as allowed by law; and

(vii)   Awarding, to the extent recovery of attorney's fees and costs pursuant to Fed. R. Civ. P. 23 Fin. Code § 392.403(b) causes Plaintiff a negative tax consequence, a sum sufficient to ameliorate such consequences; and,

(viii)  For such other and further relief as may be just and proper.

C.    *With respect to Count Three:*

(i)     Certifying this action as a class action under Fed. R. Civ. P. 23 including defining the Class, Subclass, and claims, and appointing Plaintiff to represent the Classes and her attorneys as Class counsel;

(ii)  Awarding Plaintiff and the Subclass statutory damages under Cal. Civil Code § 1788.30(b);

(iii)  Adjudging Plaintiff to be the prevailing party, and awarding reasonable attorney's fees and costs under Cal. Civil Code § 1788.30(c);

(iv)  Awarding, to the extent recovery of attorney's fees, litigation expenses, and costs pursuant to Code § 1788.30(c) causes Plaintiff a negative tax consequence, a sum sufficient to ameliorate such consequences; and,

(v)  For such other and further relief as may be just and proper.

D.   *With respect to Count Four:*

(i)  For declaratory relief adjudicating Defendants' collection conduct complained of herein constitutes unreasonable collection tactics;

(ii)  Adjudging Plaintiff to be the prevailing party, and awarding reasonable attorney's fees and costs under Cal. Civil Code § 1788.30(c);

(iii)  Awarding Plaintiff actual and exemplary damages for mental anguish, bodily injury, and economic damages; and,

(iv)  For such other and further relief as may be just and proper.

Respectfully submitted,

s/ *Andrew T. Thomasson*

Dated: August 2, 2022

Andrew T. Thomasson, Attorney-in-Charge
NJ Bar No. 048362011; SDTX No. 2347873
Benjamin T. Trotter
TX Bar No. 24082567
THOMASSON PLLC
16414 San Pedro Avenue, Suite 700
San Antonio, TX 78232-2272
Telephone: (973) 665-2056
Facsimile:  (973) 559-5579

E-Mail: Andrew@Thomassonpllc.com
Email: Ben@Thomassonpllc.com

Jeffrey J. Tom
TX Bar No. 24056443
Martin, Cukjati & Tom, LLP
1802 Blanco Road
San Antonio, TX 78212
Telephone: (210) 223-2627
Facsimile: (210) 223-5052
E-Mail: Jeff@mcfirm.com

*Counsel for Plaintiff, Jill A. Ott f/k/a Jill A. Sodders*

## CERTIFICATE OF SERVICE

I, Andrew T. Thomasson, hereby certify that on August 2, 2022, I served a copy of the foregoing on counsel of record for all Parties by filing it with the Court's CM/ECF System in accordance with Fed. R. Civ. P. 5(b)(2)(E).

*s/ Andrew T. Thomasson*

Andrew T. Thomasson